UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NATIONAL INTEGRATED GROUP
PENSION PLAN, *et al.*,

      Plaintiffs,

v.

BLACK MILLWORK COMPANY,
INC.,

      Defendant.

Civ. No. 2:11-5072 (KM)

OPINION & ORDER

### KEVIN MCNULTY, U.S.D.J.:

By opinion and order dated August 1, 2013, I granted the motion for summary judgment of National Integrated Group Pension Plan ("NIGPP"), the plaintiff in this action. My order required the defendant, Black Millwork Company, Inc. ("Black Millwork"), to make certain payments due under the Employee Retirement Income Security Act ("ERISA"). Those quarterly interim payments represent Black Millwork's liability, upon withdrawal from a multiemployer pension plan, for unfunded, vested benefits.

NIGPP then filed an Application for Entry of Judgment [Docket No. 44] and Application for Attorneys' Fees and Costs [Docket No. 45], accompanied by a declaration of counsel, billing records and other supporting documentation. By order dated August 21, 2013 [Docket No. 46], I ordered NIGPP to furnish a proposed form of judgment, and it did so. That proposed judgment contains the following calculations of damages: $709,132.38 in unpaid withdrawal liability installment payments; $53,385.04 in interest; and $141,826.48 in liquidated damages.

NIGPP also requests attorneys' fees and costs in a total amount of $87,378.91. Of the fees, $74,415.50 is allocated to lead counsel, Bredhoff & Kaiser PLCC ("Bredhoff"), and $7,888 to local counsel of record, Oxfeld Cohen, P.C. ("Oxfeld"). The remainder represents costs and expenses.

In my August 21, 2013 order, I gave Black Millwork the opportunity to respond to NIGPP's applications and proposed judgment. Black Millwork has

1

filed a brief and certification of counsel [Docket No. 48]. Black Millwork does not object to NIGPP's calculation of damages. It does object to the proposed award of attorneys' fees and costs.

Under ERISA, as well as the Plan at issue here, an award of attorneys' fees is mandatory under these circumstances. *See* 29 U.S.C. § 1132(g)(2)(D). Black Millwork does not dispute this. (*See* Docket No. 34-2 ¶ 23; Docket No. 48).

Black Millwork first argues that NIGPP has failed to provide "an affidavit describing the fee agreement and setting forth both the amount billed to the client for fees and disbursements and the amount paid," as required by Local Civil Rule 54.2(b). That argument is hypertechnical at best.

The Declaration of Robert Alexander, Esq. [Docket No. 43-2], submitted with the application for fees, discloses that Bredhoff's bills are reviewed, approved, and sent to the client each month. The Bredhoff bills themselves are attached to the affidavit. [Docket No. 43-3] The bills demonstrate that attorneys' time is billed hourly, by the month, and the bills contain each attorney's time entries, a description of the work performed, and hourly rate.[1]

As to the bills of local counsel, Oxfeld, the Alexander declaration at paragraph 10 discloses that billing is done on an hourly basis, similar to that of Bredhoff. Oxfeld's actual bills to the client are not attached, but the declaration does attach computerized printouts of each attorney time entry, rate, and the dollar value billed. Such summarization, I find, is acceptable; it is sufficient to convey the billing arrangement and support the amounts billed.

In short, NIGPP's application for fees substantially complies with Rule 54.2(b). *See generally Teamsters Health & Welfare Fund v. Dubin Paper*, Civ.

---

[1] At least under the circumstances of this case, I attach comparatively little significance to the Rule 54.2(b) requirement that the affidavit disclose the "amount paid" (paid on account by the client, presumably). Chief Judge Simandle has found, for example, that an affidavit "fully complied" with the Rule when it listed "(1) the nature of the services rendered, including the results, novelty of the issues, and other relevant factors; (2) dates of the services; (3) a description of the service and the person rendering it; (4) the time spent on each service; and (5) the normal billing rate for each attorney." *Gloucester Co. Impr. Auth. v. Gallenthin Realty*, Civ. No. 07-5328, 2011 U.S. Dist. LEXIS 84713, at *6 (D.N.J. Aug. 1, 2011). Be that as it may, each Bredhof bill has the amounts of "Previous Bills Outstanding." As of the last Bredhoff bill, dated April 9, 2013, the total amount outstanding was $13,506.10.

2

No. 11-7137, 2012 U.S. Dist. LEXIS 102652, at *12 (D.N.J. July 24, 2012) (Simandle, J.) (finding affidavit to "substantially comply" with rule).

Procedural matters aside, Black Millwork primarily disputes the reasonableness of the amount of fees claimed by NIGPP. NIGPP, as the party seeking the award of fees, "bears the burden of establishing the reasonableness of both the hours worked and the rates claimed." *Marshak v. Treadwell*, Civ. No. 95-3794, 2008 U.S. Dist. LEXIS 10567, at *29 (D.N.J. Feb. 13, 2008) (Debevoise, J.), *modified*, 595 F.3d 478 (3d Cir. 2009); *accord Posa v. East Orange*, Civ. No. 03-233, 2005 U.S. Dist. LEXIS 20060 (D.N.J. Sept. 7, 2005) (Hochberg, J.). Doubts, therefore, "are resolved against an award of fees." *Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F. Supp. 2d 683, 695 (D.N.J. 2002) (Orlofsky, J.), *aff'd*, 79 F. App'x 506 (3d Cir. 2003). A court is bound to "exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Posa*, 2005 U.S. Dist. LEXIS at *6 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To be reasonable, the attorney's hourly rate must conform to "prevailing market rates in the relevant community," here, the Newark vicinage. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 (3d Cir. 2005). Black Millwork does not contest the reasonableness of Bredhof's and Oxfeld's hourly rates, which were $210 to $250 per hour for attorneys and $90 for paralegals and law clerks. Such rates strike this recent Newark practitioner as reasonable. NIGPP cites recent cases in which far higher rates were found to be consistent with the prevailing market rates in the Newark area. *See, e.g., Chaaban v. Criscito*, Civ. No. 08-1567, 2013 WL 1737689, at *4 (D.N.J. Apr. 3, 2013), *report and recommendation adopted*, 2013 WL 1730733 (D.N.J. Apr. 22, 2013) (Wigenton, J.) (in ERISA case, approving rates of up to $500 for partners, $300 for associates, $130 for paralegals). (Other cases are cited in NIGPP's application, Docket No. 43-1, at 5.) Counsel's very solid credentials and experience, too, suggest that such rates are not excessive.

Black Millwork instead contends that some of the hours billed by counsel were excessive or inadequately documented. I will disallow certain of these charges. In doing so, I do not in the slightest suggest that any such charges were inappropriately billed. Rather, I am mindful of my duty to resolve all doubts against fee-shifting.

*21 hours ($3510) for drafting complaint.* Black Millwork points out that the complaint is a mere 7 pages long, that much of it consists of boilerplate,

and that there is some indication that experienced ERISA counsel relied on a template. I agree, and will disallow $1000 of this total.

*Rule 16 conference.* Two Bredhof attorneys and one Oxfeld attorney billed a total of $ 766.50 to prepare for and attend a Rule 16 telephone conference on December 22, 2011. That was probably one more attorney than was strictly necessary. I will deduct one Bredhof attorney's 1.5 hours of time at $210/hour, for a total of $315. *See generally Halderman v. Pennhurst State Scho. & Hosp.*, 49 F.3d 939, 943 (3d Cir. 1995) (cost of presence of additional counsel may be inappropriate for fee-shifting).

*Other multiple-attorney charges.* Black Millwork identifies several other proceedings at which one Bredhof attorney and one Oxfeld attorney appeared together. (Black Millwork Br. at 8 [Docket No. 48]) It is true that the admission of Bredhof counsel *pro hac vice* permitted them to appear on their own. It is also true that local counsel have a valuable role to play, and it is quite customary and ordinary in this District for them to accompany out-of-state counsel to court. I will not disallow local counsel's charges. At two of these appearances (a discovery meet-and-confer, and a conference with a Court-appointed mediator), however, the delegation was supplemented by a second Bredhof attorney. Here, as above, that may not have been strictly necessary. I will therefore cut those fees ($504 and $1113) by one third, or $539.

Finally, Black Millwork seeks to disallow certain of the Oxfeld charges because the time entries were block-billed or insufficiently specific (for example, "conference call," "research," and the like). I have looked over the Oxfeld entries. Given that Oxfeld was playing a supplementary role as local counsel, it is ordinarily quite clear what the entries refer to, particularly in the context of the accompanying Bredhof bills. Each Oxfeld entry is typically a fraction of an hour, such as .3 or .5, reducing the need for extensive description. The time entries that are longer than an hour sometimes combine tasks, but these tasks are generally closely related (*e.g.*, reviewing and filing a motion; conferring with co-counsel, preparing for a conference call with the court, and participating in the conference call). In short, these entries are not exemplary, but they are sufficient. I will not disallow them.

Black Millwork does not challenge any of the claimed disbursements, *e.g.*, for Westlaw research.

In total, I have disallowed claimed attorneys' fees totaling $1854, all of them attributable to the Bredhof firm. There has been no objection to the claimed costs. The accompanying final judgment will therefore contain an award of attorney's fees based on the following:

$72,561.50 fees to lead counsel, Bredhoff & Kaiser PLCC
$ 7,888 fees to local counsel of record, Oxfeld Cohen, P.C.

$3676.41 costs to lead counsel, Bredhoff & Kaiser PLCC
$ 399.00 costs to local counsel of record, Oxfeld Cohen, P.C.

NIGPP's total claimed fees and costs figure of $87,378.91 is therefore reduced by $1854, for a total award of fees and costs in the amount of $85,524.91.

## ORDER

IT IS THEREFORE this 30th day of August 30, 2013,

ORDERED that NIGPP's Application for Entry of Judgment [Docket No. 44] and Application for Attorneys' Fees and Costs [Docket No. 45] are GRANTED, and that NIGPP's proposed form of judgment will be entered, except that the proposed award of fees and costs will reduced to **$85,524.91**.

_____
KEVIN MCNULTY, U.S.D.J.